Case 4:22-cv-02805   Document 11   Filed on 06/05/23 in TXSD   Page 1 of 11

United States District Court
Southern District of Texas
**ENTERED**
June 05, 2023
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT
COURT FOR THE SOUTHERN DISTRICT
OF TEXAS HOUSTON DIVISION

| | |
|---|---|
| SAMUEL ROY JACKSON, §<br>*Plaintiff,* §<br>§<br>v. §<br>§<br>CITY OF HOUSTON POLICE §<br>DEPARTMENT, TROY FINNER, §<br>OFFICER M.A. KAHN, AND OFFICER §<br>Z.A. BROWN, §<br>*Defendants.* | CIVIL ACTION NO. 4:22-CV-2805 |

## MEMORANDUM AND RECOMMENDATION

This civil rights case in which Plaintiff is proceeding pro se is before the Court on Defendants City of Houston Police Department and Chief of Police Troy Finner's Motion to Dismiss (ECF 8).[1]  Having reviewed the parties' submissions and the law, the Court RECOMMENDS that the Defendants' Motion to Dismiss be GRANTED and that Plaintiff's claims against Defendants City of Houston Police Department and Chief of Police Troy Finner be DISMISSED as set forth below.

### I.   Brief Factual and Procedural Background

Plaintiff's claims in this civil rights suit arise from events occurring on or around his arrest by officers of the Houston Police Department on May 24, 2002.  ECF 1 at 3. Plaintiff alleges that Officer Kahn of the Houston Police Department violated Plaintiff's civil rights by presenting false and misleading information in the police report which

---

[1] The District Judge referred the case the Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(A) and (B), the Cost and Delay Reduction Plan under the Civil Justice Reform Act, and Federal Rule of Civil Procedure 72.  ECF 6.

allegedly resulted in the issuance of an illegal arrest warrant, Plaintiff's arrest, and his eventual conviction for aggravated robbery on October 28, 2004. ECF 1 at 2-4.

Plaintiff initiated this case on August 18, 2022 by filing a Complaint naming as Defendants City of Houston Police Department, Chief of Police Troy Finner, Officer M.A Kahn Badge #113967, and Officer Z.A Brown Badge # 11632. *Id.* at 1. Plaintiff's Complaint alleges he never would have been convicted for aggravated robbery if "Officer Khan would not have filed a frivolous aggravated robbery offense report." *Id*. at 4. He also claims damages from having been diagnosed with diabetes in 2006 and Hepatitis C in 2007, and from having fallen out of a top bunk in March 2019. *Id.* at 5.

Plaintiff seeks monetary damages in the amount of $150,000,000.00. *Id.* at 6. Defendants City of Houston Police Department and Chief of Police Troy Finner (collectively, "moving Defendants") filed a Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) (ECF 8). Plaintiff did not file a Response to the Motion.

II.     **Rule 12(b)(6) Standards**

To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the conduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Gonzalez v. Kay*, 577 F.3d 600, 603 (5th Cir. 2009). In reviewing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), this Court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff. *Alexander v. AmeriPro Funding, Inc.*, 48 F.3d 68, 701

(5th Cir. 2017) (citing *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004)). However, the court does not apply the same presumption to conclusory statements or legal conclusions. *Iqbal*, 556 U.S. at 678-79.

Generally, the court may consider only the allegations in the complaint and any attachments thereto in ruling on a Rule 12(b)(6) motion. If a motion to dismiss refers to matters outside the pleading it is more properly considered as a motion for summary judgment. *See* FED. R. CIV. P. 12(d). However, the court may take judicial notice of public documents, and may also consider documents a defendant attaches to its motion to dismiss under 12(b)(6) if the documents are referenced in the plaintiff's complaint and central to the plaintiffs' claims. *See Norris v. Hearst Trust*, 500 F.3d 454, 461 n.9 (5th Cir. 2007); *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 499 (5th Cir. 2000); *King v. Life Sch.*, 809 F. Supp. 2d 572, 579 n.1 (N.D. Tex. 2011). For purposes of Defendants' Motion to Dismiss, the Court takes judicial notice of public records and court filings from Cause No. 913043 in Harris County District Court, the Motion to Dismiss Cause No. 952420 based on Defendant's conviction in Cause No. 913043, and Case No. 01-04-01137-CR in the Texas Court of Appeals for the First District of Texas. ECF 8-1 – ECF 8-9.

**III. Analysis**

Plaintiff seeks to bring his claim under both federal and state law. ECF 1 at 1 ("Plaintiff is suing the defendant under the United States and the State of Texas Constitution color of law. Fourth Amendment Probable Cause violation false arrest."). The Court liberally construes Plaintiff's Complaint as an attempt to assert (1) claims for

violation of his constitutional rights under 42 U.S.C. § 1983, and (2) state law causes of action for false imprisonment, false arrest, and malicious prosecution.

### A. Plaintiff's claims under Title 42 U.S.C. § 1983 are barred.

The Fifth Circuit's opinion in *Winfrey v. Rogers* makes clear that Plaintiff cannot establish a claim for relief under Title 42 U.S.C. § 1983. There, as here, the court analyzed a claim that a defendant officer violated the rights of a plaintiff referred to as "Junior" by signing an arrest-warrant affidavit that omitted and misstated key facts, leading to a defective finding of probable cause. *Winfrey v. Rogers*, 901 F.3d 483, 488 (5th Cir. 2018). The court construed these allegations as a claim arising under the Fourth Amendment. *Id.* at 491-92. When addressing whether Junior's Fourth Amendment claims were barred by the statute of limitations, the court discussed the accrual of the cause of action:

> The accrual date depends on whether Junior's claim more closely resembles one for false imprisonment or one for malicious prosecution. *See* [*Manuel v. City of Joliet*, 137 S. Ct. 911, 921-22 (2017)] (remanding the case to the Seventh Circuit to consider whether the claim was more like a false imprisonment or a malicious prosecution). A false-imprisonment claim is based upon "detention without legal process." *Wallace*, 549 U.S. at 389, 127 S. Ct. 1091. It "begins to run at the time the claimant becomes detained pursuant to legal process." *Id.* at 397, 127 S. Ct. 1091. A malicious-prosecution claim is based upon "detention accompanied . . . by *wrongful institution* of legal process." *Id.* at 390, 127 S. Ct. 1091. It "does not accrue until the prosecution ends in the plaintiff's favor."

*Id.* at 492 (emphasis in original). The *Winfrey* court determined that Junior's claim was "more like the tort of malicious prosecution" and accordingly held that the cause of action accrued after the criminal proceedings ended in his favor. *Id.* at 493.

4

Here, the Court need not decide whether Plaintiff's claim "more closely resembles one for false imprisonment or one for malicious prosecution[;]" in either case, the claims are barred. As explained more fully below, any claims for false arrest or false imprisonment challenging the manner in which he was detained *prior to his conviction* are barred by the statute of limitations. Further, any claims for malicious prosecution or challenging the constitutionality of his *conviction and detention pursuant to the conviction*, have not yet accrued because the prosecution did not "end[] in the plaintiff's favor" (*Winfrey* at 492 (citation omitted)), and the claims are necessarily barred by the doctrine set forth in *Heck v. Humphrey*, 512 U.S. 477 (1994).

1. **Any claims under Section 1983 for false arrest or false imprisonment are barred by the statute of limitations.**

Claims alleging constitutional violations and brought pursuant to 42 U.S.C. § 1983 are subject to Texas's two-year statute of limitations for personal injury actions. *Nance v. Ward*, 142 S. Ct. 2214, 2225 (2022) ("all § 1983 suits must be brought within a State's statute of limitations for personal-injury actions"); *Mosley v. Hous. Cmty. Coll. Sys.*, 951 F. Supp. 1279, 1288 (S.D. Tex. 1996) (two-year statute of limitations in TEX. CIV. PRAC. & REM. CODE § 16.003 applies to § 1983 claim). Claims for false arrest accrue upon the arrest and run until "legal process was initiated against [the defendant]." *Wallace v. Kato*, 549 U.S. 384, 390 (2007); *see also id.* at 388 (clarifying that false arrest is a "species of [false imprisonment]").

The Complaint and judicially noticeable documents demonstrate that, in the wake of his arrest, legal process was initiated against Plaintiff, and that the process was initiated

well over two years before the filing of Plaintiff's Complaint. After Plaintiff's May 24, 2002 arrest, a criminal complaint was filed that same day (ECF 8-1); Plaintiff was indicted by a grand jury on July 24, 2002 (ECF 8-2); a mistrial order was entered on June 13, 2002 (ECF 8-3); Plaintiff was once again indicted by a grand jury on June 18, 2003 (ECF 8-8); and Plaintiff was ultimately convicted of aggravated robbery with a deadly weapon on October 28, 2004 (ECF 8-4). To the extent that Plaintiff's Complaint attempts to assert a claim for false imprisonment or arrest and challenge the manner in which he was detained prior to his conviction, the claim arose absolutely no later than October 28, 2004, the date of his conviction. Accordingly, these claims are barred by the statute of limitations and the claims should be dismissed with prejudice. *Wallace*, 549 U.S. at 390-91.

> **2. Any claims under Section 1983 for malicious prosecution, violations of due process, *Brady* violations, or other constitutional challenges to Plaintiff's conviction are barred by *Heck v. Humphrey*.**

To the extent that Plaintiff attempts to assert claims that challenge the constitutionality of his conviction, those claims have not accrued and are barred by the doctrine set forth in *Heck v. Humphrey*. In *Heck*, the Supreme Court held that a claim for damages that would render a conviction or sentence invalid is not cognizable under § 1983 unless the conviction or sentence has been reversed, expunged, declared invalid or called into question by issuance of a writ of habeas corpus. *Heck*, 512 U.S. at 486–87. As stated by the Court in *Heck*, "a § 1983 cause of action for damages attributable to an unconstitutional conviction or sentence does not accrue until the conviction or sentence has been invalidated." *Id.* at 489-90. More specifically, claims including malicious prosecution, due process fabrication of evidence, and *Brady* violations trigger

6

*Heck* and thus accrue "when the underlying criminal proceedings terminate in the defendant/plaintiff's favor." *Melton v. Waxahachie Police Dep't*, No. 3:21-CV-2854-K-BH, 2022 WL 3636616, at *9 (N.D. Tex. Aug. 8, 2022) (citing *McDonough v. Smith*, 139 S. Ct. 2149, 2154-55 (2019)), *report and recommendation adopted*, No. 3:21-CV-2854-K, 2022 WL 3639506 (N.D. Tex. Aug. 23, 2022), *aff'd*, No. 22-10897, 2023 WL 3051898 (5th Cir. Apr. 24, 2023). Plaintiff's Complaint asserts his view that his conviction and sentence were unconstitutional, primarily due to the purported misstatements and material omissions in the incident report, criminal complaint, and indictment. ECF 1 at 5 (alleging that Kahn's report led to his "wrongful conviction"). Yet, the public record demonstrates that he was convicted and that his conviction has not been "reversed, expunged, declared invalid or called into question by issuance of a writ of habeas corpus." *Heck*, 512 U.S. at 487. For example, the "Judgment on Plea Before Jury" demonstrates that Plaintiff was convicted of aggravated robbery on or before October 28, 2004. ECF 1 at 4; ECF 8-4. The judgment was affirmed on appeal (ECF 8-5) and Plaintiff's state court petitions for writ of habeas corpus were denied (ECF 8-6; ECF 8-7). Where Plaintiff has not established that the proceedings have terminated in his favor, any claim for malicious prosecution, a due process claim, a *Brady* violation, or other § 1983 claim challenging the constitutionality of his conviction and sentence, has not accrued and is barred pursuant to *Heck*.

Plaintiff also alleges he was damaged in 2006, 2007, and 2019 while incarcerated. ECF 1 at 5. The Court does not construe this as an attempt to assert separate claims related to his confinement. First, Plaintiff expressly frames these injuries as a consequence of his "wrongful conviction." *Id.* ("All of these [i]njuries occurred as the result of officer Kahn

7

filed the Houston Police Department Aggravated Robbery Offense Report number 072416202 [] on May 24th, 2022, which led to the wrongful conviction and false imprisonment of Plaintiff . . . ."). Second, none of the named Defendants in this action bear any apparent connection to the conditions of his confinement. *Id.* at 1 (naming as Defendants three police officers and the Houston Police Department). Plaintiff clearly alleges that the allegedly wrongful arrest forms the basis of his claim, and that these injuries result from the arrest and subsequent incarceration. Even though Plaintiff alleges injuries resulting from the allegedly wrongful arrest which occur as late as 2019, those injuries do not alter the date his cause of action accrued. *Wallace*, 549 U.S. at 391 ("Even assuming . . . that all damages for detention pursuant to legal process could be regarded as consequential damages attributable to the unlawful arrest, that would not alter the commencement date" of the cause of action.). Thus, Plaintiff's claims related to his injuries while incarcerated do not alter the Court's analysis that his claims under § 1983 are barred.

### B. Any state law claims are barred by governmental immunity under the Texas Tort Claims Act.

Under Texas law, "[A]ll tort theories of recovery alleged against a governmental unit, whether sued alone or together with its employees," are assumed to arise under the Texas Tort Claims Act (TTCA). *Mission Consol. Indep. Sch. Dist. v. Garcia*, 253 S.W.3d 653, 659 (Tex. 2008). As a governmental unit, the City of Houston[2] is immune under the TTCA from suit for intentional torts such as false imprisonment, false arrest, and malicious

---

[2] Defendant Houston Police Department is a subdivision of the City of Houston that lacks the capacity to be sued; the City of Houston is the proper party to this suit. *McAfee v. Hous. Police Dep't*, No. 4:19-cv-112, 2019 WL 12021829, at *1 (S.D. Tex. Mar. 19, 2019).

8

prosecution. *Lewis-Piccolo v. City of Houston*, No. H-16-2897, 2017 WL 2644211, at *4 (S.D. Tex. June 1, 2017) (citing TEX. CIV. PRAC. & REM. CODE § 101.057), *memorandum and recommendation adopted*, 2017 WL 2633592 (S.D. Tex. June 19, 2017).  This immunity extends to officers acting in their official capacities. *Alexander v. Walker*, 435 S.W.3d 789, 791 (Tex. 2014) (citing TEX. CIV. PRAC. & REM. CODE § 101.106(f)).  Here, Plaintiff alludes to "wrongful conviction and false imprisonment" and other alleged misconduct by the City of Houston and its police officers including Defendant M.A Kahn. ECF 1 at 5.  These claims are unambiguously barred under the TTCA.  *Lewis-Piccolo*, 2017 WL 2644211, at *4; TEX. CIV. PRAC. & REM. CODE § 101.057(2) (barring claims against a governmental unit "arising out of assault, battery, *false imprisonment, or any other intentional tort . . . .*").  Accordingly, to the extent that Plaintiff attempts to assert tort claims against the City of Houston or its officers, the claims are barred by governmental immunity per the Texas Tort Claims Act.

### C. Leave to amend would be futile.

Litigants who file pro se are "[g]enerally" permitted to amend a complaint before it is dismissed with prejudice. *Brewster v. Dretke*, 587 F.3d 764, 767-68 (5th Cir. 2009). Such leave may properly be denied, however, if amendment would be futile. *Wiggins v. La. State Univ.—Health Care Servs. Div.*, 710 F. App'x 625, 627 (5th Cir. 2017). "An amendment is futile if it would fail to survive a Rule 12(b)(6) Motion." *Marucci Sports, L.L.C. v. Nat'l Collegiate Athletic Ass'n*, 751 F.3d 368, 378 (5th Cir. 2014)). Nothing before the Court suggests that Plaintiff can meet the conditions to assert claims currently barred by *Heck,* the statute of limitations, or by governmental immunity.  Accordingly,

leave to amend would be futile and the claims should be dismissed with prejudice as set forth below.

### IV.     Conclusion and Recommendation

For the reasons set forth above, the Court RECOMMENDS that Moving Defendants' Motion to Dismiss (ECF 8) be GRANTED and Plaintiff's claims against Defendants City of Houston Police Department and Chief of Police Troy Finner be DISMISSED as follows:

- To the extent that Plaintiff attempts to assert a cause of action under 42 U.S.C. § 1983, the claims should be DISMISSED as follows:
    - To the extent Plaintiff attempts to assert a cause of action for false imprisonment or false arrest, the claims should be DISMISSED WITH PREJUDICE as barred by the applicable statute of limitations.
    - To the extent that Plaintiff attempts to assert a cause of action for malicious prosecution, a due process claim, a *Brady* violation, or any other § 1983 claim challenging the constitutionality of his conviction and sentence, the claims should be DISMISSED WITH PREJUDICE to their being asserted again until the *Heck* conditions are met.
- To the extent that Plaintiff attempts to assert a state law cause of action against the City of Houston and its officers, the claims should be DISMISSED as barred by governmental immunity.

The Clerk of the Court shall send copies of the memorandum and recommendation to the respective parties, who will then have fourteen days to file written objections,

10

pursuant to 28 U.S.C. § 636(b)(1)(c). Failure to file written objections within the time period provided will bar an aggrieved party from attacking the factual findings and legal conclusions on appeal. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), superseded by statute on other grounds.

Signed on June 05, 2023, at Houston, Texas.

Christina A. Bryan
United States Magistrate Judge