Case 4:22-cv-02805   Document 12   Filed on 06/05/23 in TXSD   Page 1 of 3

United States District Court
Southern District of Texas
**ENTERED**
June 05, 2023
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT
COURT FOR THE SOUTHERN DISTRICT
OF TEXAS HOUSTON DIVISION

| | |
|---|---|
| SAMUEL ROY JACKSON, §<br>*Plaintiff,* §<br>§<br>v. §<br>§<br>CITY OF HOUSTON POLICE §<br>DEPARTMENT, TROY FINNER, §<br>OFFICER M.A. KAHN, AND OFFICER §<br>Z.A. BROWN, §<br>*Defendants.* | CIVIL ACTION NO. 4:22-CV-2805 |

## **MEMORANDUM AND RECOMMENDATION**

Plaintiff, proceeding pro se, filed his initial Complaint on August 18, 2022.[1] Plaintiff filed receipts issued by the United States Postal Service on August 22, 2022, in an apparent attempt to prove that the summons and Complaint were served on Defendants. On November 14, 2022, the Court issued an Order notifying Plaintiff of the defective service and ordering that he (1) carefully review Rule 4 of the Rules of Civil Procedure and the Texas Rules of Civil Procedure, and (2) file on or before December 16, 2022 either (a) proof of service as required by Rule 4(l); or (b) a signed waiver of service. ECF 7. The Order expressly extended the 90-day timeline prescribed under Rule 4(m) of the Federal Rules of Civil Procedure. *Id.* at 7 n.2.

Federal Rule of Civil Procedure 4(m) provides:

> If a defendant is not served within 90 days after that complaint is filed, the court—on motion or *on its own after*

---

[1] The District Judge referred the case the Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(A) and (B), the Cost and Delay Reduction Plan under the Civil Justice Reform Act, and Federal Rule of Civil Procedure 72. ECF 6.

> *notice to the plaintiff*—must dismiss the action without prejudice against that defendant or order that service be made within a specified time.

Plaintiff has not filed proof of service or a signed waiver of service since the Court's December 16, 2022 Order. There is no indication on the record that Defendants Officer M.A. Kahn or Officer Z.A. Brown have been served in this action, and those Defendants have not appeared in this action. Neither a litigant's pro se status, nor ignorance of the Federal Rules of Civil Procedure, will excuse the failure to effect timely service on a defendant. *Thrasher v. City of Amarillo*, 709 F.3d 509, 512 (5th Cir. 2013); *May v. Tex. by Cascos*, Civil Action No. 5:16-cv-238, 2017 WL 7513550, at *2 (N.D. Tex. Nov. 27, 2017), *adopted by* 2018 WL 798738 (Feb. 8, 2018). The Court notified Plaintiff in its Order that none of the Defendants, including the individual Defendants Officer M.A. Kahn or Officer Z.A. Brown, had been properly served. ECF 7.

Plaintiff has failed to timely or effectively serve the individual defendants named above despite being given extra time to do so. Therefore, the court RECOMMENDS that Plaintiff's claims in this case against Defendants M.A. Kahn and Officer Z.A. Brown be DISMISSED WITHOUT PREJUDICE pursuant to Rule 4(m).

The Clerk of the Court shall send copies of the memorandum and recommendation to the respective parties, who will then have fourteen days to file

written objections, pursuant to 28 U.S.C. § 636(b)(1)(c). Failure to file written objections within the time period provided will bar an aggrieved party from attacking the factual findings and legal conclusions on appeal. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), superseded by statute on other grounds.

Signed on June 05, 2023, at Houston, Texas.

*Christina A. Bryan*
United States Magistrate Judge