United States District Court
Southern District of Texas
**ENTERED**
June 28, 2023
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| SAMUEL ROY JACKSON, | § § § | CIVIL ACTION NO 4:22-cv-02805 |
| Plaintiff, | § § § | |
| vs. | § § § | JUDGE CHARLES ESKRIDGE |
| CITY OF HOUSTON POLICE DEPARTMENT, *et al*, | § § § | |
| Defendants. | § | |

ORDER ADOPTING
MEMORANDA AND RECOMMENDATIONS

Plaintiff Samuel Roy Jackson, proceeding *pro se*, alleges in this case that Defendants falsified information in a police report and probable-cause affidavit, resulting in his arrest and conviction for aggravated robbery. Dkt 1. This matter was referred for disposition to Magistrate Judge Christina A. Bryan. Dkt 6.

On November 14, 2022, the Magistrate Judge ordered Jackson to adequately serve Defendants and file proof of service by December 16, 2022. Dkt 7. A summons was issued as to Defendants Troy Finner, M.A. Kahn, and Z.A. Brown on December 16, 2022, but no proof of service was filed as to any Defendant. Defendants City of Houston Police Department and Troy Finner then moved to dismiss on multiple grounds, including that Jackson's claims were barred by *Heck v Humphrey*, 512 US 477 (1994), and by the applicable statute of limitations. Dkt 8.

Pending are two Memoranda and Recommendations by the Magistrate Judge. Dkts 11 & 12. In the first, she

recommends that the motion be granted and the claims against the City of Houston Police Department and Troy Finner be dismissed because (i) any claim for false imprisonment or false arrest is barred by the applicable statute of limitations; (ii) any claim challenging the constitutionality of Jackson's conviction and sentence is barred by *Heck*; and (iii) any state-law claim against the City of Houston and its officers is barred by governmental immunity. Dkt 11. In the second, the Magistrate Judge recommends that the claims against Defendants M.A. Kahn and Z.A. Brown be dismissed without prejudice under Rule 4(m) for Plaintiff's failure to adequately serve those Defendants. Dkt 12.

The district court reviews *de novo* those conclusions of a magistrate judge to which a party has specifically objected. See FRCP 72(b)(3) & 28 USC § 636(b)(1)(C); see also *United States v Wilson*, 864 F2d 1219, 1221 (5th Cir 1989, *per curiam*). The district court may accept any other portions to which there's no objection if satisfied that no clear error appears on the face of the record. See *Guillory v PPG Industries Inc*, 434 F3d 303, 308 (5th Cir 2005), citing *Douglass v United Services Automobile Association*, 79 F3d 1415, 1430 (5th Cir 1996, *en banc*); see also FRCP 72(b) advisory committee note (1983).

No party filed objections. No clear error otherwise appears upon review and consideration of the Memoranda and Recommendations, the record, and the applicable law.

Each Memorandum and Recommendation of the Magistrate Judge is ADOPTED as the Memorandum and Order of this Court. Dkts 11 & 12.

The motion by Defendants City of Houston Police Department and Troy Finner to dismiss is GRANTED. Dkt 8. As to these Defendants:

- o The claims against them for false imprisonment or false arrest are DISMISSED WITH PREJUDICE as barred by the applicable statute of limitations;

- The claims against them challenging the constitutionality of Jackson's conviction and sentence are DISMISSED WITH PREJUDICE to their being asserted again until the *Heck* conditions are met; and
- The claims brought against them under state law are DISMISSED WITHOUT PREJUDICE as barred by governmental immunity.

Plaintiff's claims against Defendants M.A. Kahn and Officer Z.A. Brown are DISMISSED WITHOUT PREJUDICE for failure to make service.

A final judgment will enter separately.

SO ORDERED.

Signed on June 28, 2023, at Houston, Texas.

*[signature]*
Hon. Charles Eskridge
United States District Judge